**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RICO SUN TOURS, INC.<br>Plaintiff<br><br>vs.<br>EDGARD CAPELES VARGAS, ET AL.<br>Defendants | CIVIL NO. 14-1583 (JAG) |

**<u>PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)</u>**

TO THE HONORABLE COURT:

COME NOW Codefendants, United Tour Guides Coop of Puerto Rico, Mr. Ricardo Serra Castillo and Mr. Ricardo Rivas Torres (also hereinafter, the "Codefendants"), through the undersigned attorney, and respectfully state and pray as follows:

**I. INTRODUCTION**

1. Motions to dismiss under Rule 12(b)(6) test the sufficiency of a pleading. Consequently, they compel an examination of whether the pleaders did what they were obliged to do under the federal pleading Rules, Rule 8 and Rule 9. *Hefferman v. Bass*, 467 F.3d 596, 599-600 (7th Cir. 2007).

2. Plaintiff Rico Sun Tours, Inc. filed a Complaint in the instant case arguing essentially violations by all defendants to Sections 1 and 2 of the Sherman Antiturst Act, 15 U.S. §§ 1-2; unfair competition under an undetermined Puerto Rico Law; Puerto Rico negligence statute, 31 L.P.R.A. § 5141; and tortious interference with a contract (counts ONE through FIVE of the Complaint).

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

3.  The Complaint is characterized by factual conclusions as to violations by Codefendants to Sections 1 and 2 of the Sherman Antiturst Act AND unfair competition under an undetermined Puerto Rico Law –counts ONE through THREE- which are not entitled to the presumption of truth in relation to the Codefendants, thus it fails to state a plausible claim for relief, and must be dismissed with prejudice under Fed R. Civ. P. Rule 12(B)(6).

## II. ARGUMENT

### A. APPLICABLE LAW

#### i. The Standard for Interpreting The Rule 8(a) Pleading

4.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the Supreme Court set a new standard for interpreting the notice pleading under Rule 8(a), as applied to antitrust actions.

5.  The Supreme Court framed the issue as whether allegations of violations of Sections 1 of the Sherman Act, 15 U.S.C. §1, can survive a motion to dismiss when it alleges that defendants engaged in parallel conduct unfavorable to competition, absent some factual context suggesting agreement, as distinct from identical independent action. *Twombly*, 550 U.S. 544, 548.

6.  The Court held that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice, and that without more, parallel conduct does not suggest conspiracy. As such, a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality, and "a

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

formulaic recitation of the elements of a cause of action will not do", for "factual allegations must be enough to raise a right to relief above the speculative level". *Twombly*, 550 U.S. 544, 566, 567.

7. The Court then noted that to state a Section 1 claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. 544, 556. "[a] statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks omitted), cited in Evergreen Partnering Grp. v. Pactiv Corp., 720 F3d 33, 43 (1st Cir. 2013).

8. The Court noted that "the threat of discovery expense will push cost- conscious defendants to settle even anemic cases before reaching those proceedings." *Twombly*, 550 U.S. 544, 559.

9. The policy rationale that motivated a shift in the pleading standard appeared to be a concern of the *Twombly* Court with balancing access to courts against burdening the courts and defendants with costly discovery in meritless cases, since in some situations, it may be less costly to

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

settle, rather than litigate, however baseless a claim may be. ABA SECTION OF ANTITRUST LAW, *Proof of Conspiracy Under Federal Antitrust Laws*, (2010), at 163.

10. One possible interpretation of *Twombly* is that anything short of direct evidence of a conspiracy –i.e., factual allegations to tie each defendant to the alleged conspiracy that took place during a specific time— would be insufficient to survive a motion to dismiss. ABA, *Proof of Conspiracy Under Federal Antitrust Laws*, at 167.

11. Clarifying its rationale of *Twombly*, and confirming that the plausibility standard is not limited only to antitrust cases, the Supreme Court stated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) that two working principles underlie [its] decision in *Twombly*: (1) legal conclusions are not entitled to the presumption of truth; and (2) only complaints that state a plausible claim to relief will survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50.

12. Accordingly in interpreting the first working principle stated in *Iqbal*, a court, having to accept as true the allegations contained in a complaint, is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

13. As to the second working principle stated in *Iqbal*, there must be sufficient factual allegations to connect each defendant to the unlawful agreement alleged. ABA, *Proof of Conspiracy Under Federal Antitrust Laws*, at 175.

14. In *U.S. General, Inc. v. Draper City*, 2007 U.S. LEXIS 10909 (D. Utah 2007), the District Court granted defendants' motion to dismiss, holding that Tenth Circuit precedent requires a plaintiff to plead more than a "conspiracy"

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

with public officials to remove *Noerr*[1] immunity under the "fraud or illegality" exception. *Id.* At 12-14.

15. "Section 1 by its plain terms reaches only 'agreements' whether tacit or express. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It does not reach independent decisions, even if they lead to the same anticompetitive result as an actual agreement among market actors". 21 15 U.S.C. § 1; *Am. Needle, Inc. v. Nat'l Football League,_* U.S._, 130 S.Ct. 2201,2208-09 & n. 2, 176 L.Ed.2d 947 (2010); *Clamp-All Corp. v. Cast Iron Soil Pipe Inst.,* 851 F.2d 478, 484 (1st Cir.1988). "This limit means that bare 'conscious parallelism' is 'not in itself unlawful'." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.,* 509 U.S. 209,227, 113 S.Ct. 2578, 125 L.Ed.2d 168 (1993). Cited in *White v. RM Packer Co., Inc.*, 635 F.3d 571 (1st Cir. 2011).

**B. THE ALLEGATIONS OF AGREEMENT IN VIOLATION OF SECTIONS 1 AND 2 OF THE SHERMAN ACT - COUNTS ONE AND TWO OF THE COMPLAINT**

16. Plaintiff's stated in section "VI" of the Complaint regarding the factual allegations of Illegal Conspiracy and Horizontal Group Boycott (paragraphs 35 through 83) never allude to specific acts where the Codefendants United Tour Guides Coop of Puerto Rico, Mr. Ricardo Serra Castillo and Mr. Ricardo Rivas Torres could be singled out as conspirators to the alleged scheme.

---

[1] - *Eastern Railroad Presidents Conference v. Noerr Motor Freight*, 365 U.S. 127 (1961), which created immunity for private efforts to infuence the legislative process, and that subsequently has been extended to attempts to influence other areas of government action, including administrative and adjudicatory measures.

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

17. At paragraph 57 of the Complaint, plaintiff argues that Mr. [William] Torres, president of San Juan Happy Tours (SJHT) called Mr. Ortiz of plaintiff Rico Sun Tours (RST) to tell him: That the San Juan port belonged to United Tour Guides Coop of Puerto Rico (UTGC) and SJHT; that SJHT and UTGC will not allow any other new company to access the San Juan port and that UTGC and SJHT did not care if their actions hurt the Puerto Rico tourism industry or if more cruise ships did not come to Puerto Rico, but that RST was never going to work again at the San Juan port. All that is contained in this allegation is the alleged particular opinion of Mr. Torres, not any action attributable to Codefendants that suggests that an agreement was made.

18. At paragraph 58 of the Complaint, plaintiff states that the alleged conversation of Mr. Ortiz with Mr. Torres, revealed that SJHT and UTGC agreed to exclude RST from working at the San Juan port in order to allocate it between SJHT and UTGC. Again this conclusory allegation is based on total absence of facts attributable to an agreement by Codefendants, and dwells in the speculative level rejected by *Twombly*.

19. Even in the alleged texts messages transcriptions included as Exhibit 1 of the Complaint, there is an absolute absence of mention or reference whatsoever to Codefendants in any capacity or undertaking.

20. At paragraph 63 of the Complaint, it is stated that Codefendants Rivas and Serra were at dock 4, and at paragraph 65 and 69, that Rivas and Serra started to shout that RST did not have the permits from the Puerto Rico Tourism Company (PRTC) to provide offshore excursions, and shouted insults and threats. The manifestations (clearly labeled by plaintiff as "protest") by Codefendants at the piers

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

is their exercise of the First Amendment rights under the U.S. Constitution and plaintiff's contention is nothing more than an allegation of parallel conduct and a bare assertion of conspiracy that will not suffice as resolved in *Twombly*; even if the manifestations lead to the same alleged anticompetitive result. *Brooke Grp. Ltd., White, supra.*

21.  At paragraph 67 the Complaint, plaintiff states that Rivas drove his vehicle and blocked the west exit of the pier and at paragraph 69, that Rivas and Serra shouted insults and threats. Again, the Codefendants exercise of their constitutional rights is being distorted by plaintiff into a legal conclusory crouched as a factual allegation that is based on total absence of facts attributable to an agreement by Codefendants. *Iqbal*.

22.  Paragraph 77 of the Complaint states again in a conclusory manner that the alleged agreement between all defendants to restraint the trade in San Juan port market is evidenced by the absence of any new competitor, whereas in paragraphs 30 through 33 of the Complaint, plaintiff admits that governmental action impedes the entrance of new competitors:

> "For example, a new Operator must obtain a franchise from the Puerto Rico Tourism Company after demonstrating the need and convenience of a new franchise. The existing San Juan port market Operators may oppose such new application through an administrative procedure that is not only contested, but is also expensive, burdensome and protracted. Overall, the procedure to obtain a new franchise to enter the San Juan port market may take five years, with no guarantee that the applicant will obtain the franchise at the end of the process".

And under paragraph 32 of the Complaint, that:

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

> "Under applicable regulation, the Puerto Rico Tourism Company has the authority to freeze the consideration and concession of new franchise applications. Moreover, this regulation allows incumbent operators (competitors of the applicant) to request the freezing of new franchises for a particular geographic region or the entire region of Puerto Rico. <u>Presently, the Puerto Rico Tourism Company is not considering new franchise applications for Operators wishing to enter the San Juan port market</u>."

23. By plaintiff's admissions we must conclude that there are enough operators in the alleged San Juan port market or that the absence of new operators is not due to Codefendants actions but to governmental action. All point unequivocally to a conclusion that the allegations of market monopolization and restraint of trade in San Juan port market by Codefendants are unfounded.

24. Even if downright fictional, if it was to be read between the lines of the Complaint that Codefendants were responsible for influencing the Puerto Rico Port Authority to limit the franchise applications process, the *Noer* doctrine would provide immunity for Codefendants as it protects private efforts to influence the legislative process, which has subsequently been extended to attempts to influence other areas of government action, including administrative and adjudicatory measures. *Eastern Railroad Presidents Conference v. Noerr Motor Freight*, 365 U.S. 127 (1961).

25. The allegations contained in paragraphs 80 through 82 of the Complaint have no relation to any conspiracy or combination by Codefendants, and are just inflammatory since Mr. Serra and Mr. Rivas plead only to obstruction of justice, not to acts of sabotage as pleaded by plaintiff and should be stricken from the Complaint. These conclusions as to the consequence of Mr. Rivas and Mr. Serra's exercise of their

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

free speech rights under the U.S. Constitution cannot be attributed to an agreement by Codefendants.

26. Paragraphs 84 through 101 are just conclusions of law disguised as factual allegations.

### C. THE ALLEGATIONS OF UNFAIR COMPETITION UNDER AN UNDETERMINED PUERTO RICO LAW - COUNT THREE

27. The allegations contained in paragraphs 1 through 26 are incorporated herein by reference.

28. Also, paragraphs 102 through 104 are just conclusions of law disguised as factual allegations.

29. Plaintiff seeks relief form alleged acts from Codefendants that it deems to be in violation of an unspecified "Unfair Competition" statute "Under Puerto Rico Law", without any identification of the legal basis for the claim under count THREE, thus it must be dismissed.

### III. CONCLUSION

30. The mere allegations of the expressions by Mr. Torres, and that Codefendants Serra and Rivas have protested, do not amount to a conspiracy. Plaintiff has not met the burden required under *Twombly, Iqbal* and their progeny, of specifying how each individual defendant joined the conspiracy and what kind of role it has played in it.

31. Thus, the legal conclusions of plaintiff contained in counts ONE and TWO of the Complaint should be rejected under

CIVIL NO. 14-1583
PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. RULE 12(B)(6)

*Twombly, Iqbal* and their progeny, and all claims that may be argued against Codefendants regarding alleged violations of Sections 1 and 2 of the Sherman Act, must be dismissed

32. Also, the unfair competition allegations are based on legal conclusions that have no legal basis in the Complaint on which to find causation or render a remedy, thus count THREE must be dismissed.

WHEREFORE, Codefendants United Tour Guides Coop of Puerto Rico, Mr. Ricardo Serra Castillo and Mr. Ricardo Rivas Torres here respectfully request that the Complaint's allegations against them be dismissed as to counts ONE, TWO and THREE of the Complaint: violations of Sections 1 and 2 of the Sherman Act and unfair competition under no legal basis, and that Codefendants be granted an additional extension of time to the deadline to file an answer to all counts in the complaint until after the motion to dismiss is decided.

I HEREBY CERTIFY: That on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all CM/ECF participants registered to receive notices in the instant case.

In San Juan, Puerto Rico, this 28th day of September, 2014.

/s/ Rosendo E. Miranda López
U.S.D.C. # 219405
Attorney for Codefendants
PO Box 192096
San Juan, PR 00919-2096
Tel.724-3393 Fax: 723-6774
r.miranda@rmirandalex.net