UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICO SUN TOURS, INC.<br><br>    Plaintiff<br>         v.<br><br><br>EDGARD CAPELES VARGAS, ET AL.;<br><br><br>    Defendants | CIVIL NO. 14-cv-01583-JAG |

**MOTION TO JOIN DOCUMENT NO. 33 IN REQUEST FOR DISMISSAL AND ADDITIONAL RESPONSIVE PLEADING**

TO THE HONORABLE COURT:

COMES NOW **Co-Defendant WILLIAM TORRES RODRIGUEZ**, through his undersigned counsel, who joins Defendant San Juan Happy Tours Corp.'s Motion to Dismiss, in Document # 33, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) (6) and for lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12 (b) 1, and presents additional responsive pleadings.

1. Codefendant San Juan Happy Tours Corp. has filed a Motion to Dismiss the instant Complaint in its entirety, on October 9, 2014, Docket No. 33.

1

2. For the exact same reasons cited in the above-mentioned motion, the appearing defendant also seeks the same remedy, and respectfully joins said motion for Dismissal. In order to avoid duplicity and for procedural economy, the entire motion to dismiss contained in Docket number 33 is hereby integrated as if it formed part of the instant motion.

3. Furthermore, and in addition, Defendant Mr. William Torres moves for dismissal of Plaintiff's Complaint for the following grounds:

    a. No sufficient allegation is found in the Complaint involving Mr. William Torres in his personal capacity. Plaintiff's own allegations relate to Mr. William Torres as President of San Juan Happy Tours Corp. and characterize his actions as representative of Co-Defendant San Juan Happy Tours Corp.

    b. The only allegation referring to actions on the part of Mr. William Torres, which are not correct, but even if considered as truthful relate to paragraph 67 of the Complaint, (Page 18, of Doc. 1.) The allegation reads as follows:

    "Suddenly, Defendant Capeles, Rivas and Torres drove their vehicles to block the exits of Dock 4. Defendant Capeles blocked the east exit, while Rivas blocked the west and Torres blocked the center of the pier."

Clearly, Plaintiff does not claim any damages suffered from the alleged action to block the center of the pier at a given moment on a given day.  Clearly, Plaintiff does not own the Dock, and would not have standing to present any claim based on any such action.  Plaintiff would need to exhaust administrative remedies prior to presenting a judicial complaint based on any such action, if it was true.

## MEMORANDUM OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint that fails to state a claim upon which relief may be granted.  The United States Supreme Court has established a plausibility pleading standard, requiring that a complaint must allege "enough facts to state a claim to relief that is plausible on its face or risk dismissal." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court held that the *Twombly* plausibility standard applies to all civil cases in federal courts.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint may be sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief."

Despite the fact that "[...] detailed factual allegations" are not necessary for a complaint to fulfill the requirements under Rule 8(a)(2), the Supreme Court *in Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), at 555, found that the non-moving

party is required under said rule to show plausible factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570.

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556.

Rule 12 of the Federal Rules of Civil Procedure, as amended, governs among other matters, Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; and Pretrial Hearings.

Rule 12 (b) particularly states the following:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."

4

The Complaint presented by RST, clearly does not contain sufficient allegations involving Mr. William Torres in his personal capacity, therefore it should be dismissed pursuant to Rule 12(b)(6), supra.

## Plaintiff's Lack of Standing

As a matter of law, Plaintiff RST's complaint should also be dismissed for lack of standing. Plaintiff alleges in paragraph 67 of the Complaint that co-defendant Torres "blocked the center of the pier", allegation that is denied, but that is being assumed as truthful only for the purposes of this Motion to Dismiss. Therefore, even if it were true (that co-defendant blocked the center of the pier), RST lacks standing to raise the legal rights that belong <u>exclusively</u> in this case to the Puerto Rico Ports Authority, only proprietor and administrator of Dock 4 of the San Juan Port. This governmental agency has the capacity to sue and be sued. *See, 23 PR Laws Ann. § 336(e),* as amended.

In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth* v. *Seldin,* 422 U.S. 490, 498 (1975). Consistent with these principles, our standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, see *Lujan* v. *Defenders of Wildlife,* 504 U. S.555, 559-562 (1992); and prudential standing, which

embodies "judicially self-imposed limits on the exercise of federal jurisdiction," [542 U.S. 12] *Allen,* 468 U. S., at 751.

The Article III limitations are familiar: The plaintiff must show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. See *Lujan,* 504 U. S., at 560-561. Prudential standing encompasses *"the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Allen,* 468 U. S., at 751. See also *Secretary of State of Md.* v. *Joseph H. Munson Co.,* 467 U. S. 947, 955-956 (1984). "Without such limitations—closely related to Art. III concerns but essentially matters of judicial self-governance—the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Warth,* 422 U. S., at 500. See also, *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1 (2004).

In order to meet the requirement of Article III standing a plaintiff must show, not merely that it has brought a justiciable issue before the Court; it must further show that it has sufficiently personal stake in the issue. *Becker v. FEC,* 230 F.3d 381, 385 (1st Cir.2000).

This means that RST must meet the following three elements in order to have standing: (1) it suffered an `injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. at 180, 120 S.Ct. 693.

"Standing consists of both a constitutional aspect and a prudential aspect. The constitutional dimension derives from the requirement that federal courts can act only upon a justiciable case or controversy. U.S. Const. Art. III." *Dubois v. United States Dept. of Agriculture,* 102 F.3d 1273, 1280-1281 (1st Cir.1996). If a plaintiff lacks the aforementioned constitutional standing to bring the matter before the court, the Court lacks subject matter jurisdiction to decide the merits of the case.

Plaintiff <u>RST does not claim any damages suffered from the alleged action to block the center of the pier</u> at a given moment on a given day. It is an uncontested material fact that <u>Plaintiff does not own the Dock</u>, and would not have standing to present any claim based on any such action.

RST must demonstrate standing separately for each form of relief sought, and as to allegation #67 of the Complaint it clearly lacks standing.

**Exhaustion of Administrative Remedies**

In addition to all the arguments exposed in co-defendant San Juan Happy Tours, Corp.'s Motion to Dismiss (Docket #33) and RST's lack of standing, Plaintiff's complaint should also be dismissed for failure to exhaust administrative remedies.

It is an uncontested fact that the Puerto Rico Ports Authority owns and manages the Port of San Juan. The Puerto Rico Ports Authority is a quasi-governmental agency created by and organized under the Commonwealth of Puerto Rico. *See, Puerto Rico Ports Authority Act No. 125 of May 7, 1942 as amended and revised June 15, 2011.* In fact, the Puerto Rico Ports Authority specifically regulates the promotion and development of the cruise ship industry in Puerto Rico. *See, Regulation for the Promotion and Development of the Cruise Ship Industry in Puerto Rico, Regulation No.8122 of December 19, 2011.*

Section 7.4 of Regulation #8122, sustains that <u>"Any claim or grievance filed by any party in connection with this regulation shall commence with an adjudicative procedure pursuant to Act No. 170 of August 12, 1988, as amended. The Ports Authority shall have primary jurisdiction of the grievance and complaint."</u> *R. 1822, Section 7.4 , supra.* Act No. 170 of August 12, 1988 is known as the *"Uniform Administrative Procedures Act of the Commonwealth of Puerto Rico".*

In *Luis R. González vs. The Ritz Carlton Hotel Company of Puerto Rico*, et al. 241 F. Supp. 2d 142 (2003), the District Court of Puerto Rico expressed itself about the significance of exhausting administrative remedies. "Regarding the importance of

exhausting administrative requirements in our judicial system, the Court of Appeals has expressed that: The exhaustion requirement serves four primary purposes in granting authority to the agency by discouraging the "frequent and deliberate flouting of administrative processes [that] could ... encourag[e] people to ignore its procedures." Second, it protects agency autonomy by allowing the agency the opportunity in the first instance to apply its expertise, exercise whatever discretion it may have been granted, and correct its own errors. Third, it aids judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding. Fourth, it promotes judicial economy by avoiding needless repetition of administrative and judicial fact finding, and by perhaps avoiding the necessity of any judicial involvement at all if the parties successfully vindicate their claims before the agency."

Evidently, if the allegation presented in paragraph 67 of the Complaint against Mr. Torres in his personal capacity were true, Plaintiff was obliged to submit its objections and claims before the Puerto Rico Port Authority, in first instance, pursuant to Section 7.4 of Regulation #8122 of December 19, 2011 and the "Uniform Administrative Procedures Act of the Commonwealth of Puerto Rico".[1]

---

[1] RST did not present an accusation before the Puerto Rico Police Department, against Mr. Torres. In fact, Plaintiff admits in paragraph 69 of the complaint, that no agency or police force intervened with Mr. Torres.

9

The Puerto Rico Port Authority is the agency that regulates and owns the San Juan Port and therefore has the primary authority to take the measures it deems appropriate under the circumstances alleged in the complaint.

## Conclusion

For the foregoing reasons and the reasons set forth in co-defendant San Juan Happy Tours Corp. Motion to Dismiss (Docket No. 33), all allegations and claims against Mr. William Torres in his personal capacity should be dismissed, pursuant to Rules 12(b)(1) and 12(b)(6) for: (1) failure to state a claim upon which relief can be granted; (2) lack of standing; (3) having failed to exhaust the administrative remedies before the Puerto Rico Port Authority (lack of subject matter jurisdiction).

**WHEREFORE**, Co-defendant William Torres prays that this Court dismisses Plaintiff's Complaint in its entirety, with costs and disbursements to Co-defendant, together with such other relief the Court finds to be just and proper.

IT IS HEREBY CERTIFIED that on this same date a copy of this Motion is to be filed with the Court's CM/ECF System, which will provide notice to all counsel of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 13th day of October, 2014.

*s/Carla Arraiza González*

Carla Arraiza González
USDC No. 221309
P.O. Box 9023525,
San Juan, Puerto Rico 00902-3525
Tel (787)721-4648
E-Mail: carla.arraiza@gmail.com