IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICO SUN TOURS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>EDGARD CAPELES VARGAS;<br>RICARDO SERRA CASTILLO;<br>RICARDO RIVAS TORRES;<br>GERMÁN VÁZQUEZ;<br>WILLIAM TORRES RODRIGUEZ;<br>SAN JUAN HAPPY TOURS, CORP;<br>UNITED TOUR GUIDES COOP OF PUERTO RICO;<br>UNIÓN DE TRANSPORTISTAS Y RAMAS ANEXAS, INC.<br><br>    Defendants. | CIVIL NO. 14-cv-1583 (JAG)<br><br><br>Sherman Antitrust Act, 15 U.S.C. §1, et seq., et al.<br><br>**JURY TRIAL DEMANDED** |

**RST'S OPPOSITION TO UTRA'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

TO THE HONORABLE COURT:

Plaintiff, Rico Sun Tours, Inc. ("RST"), by and through the undersigned counsel, respectfully requests that this Court deny co-defendant, Unión de Transportistas y Ramas Anexas, Inc.'s ("UTRA"), "Motion to Vacate Order Granting Default Judgment DE 40" (Dkt. No. 47)[1], stating and praying as follows:

**I.**

**CHRONOLOGY OF EVENTS PERTINENT TO THE ENTRY OF DEFAULT**

1. On July 30, 2014, RST lodged a Complaint alleging, *inter alia*, certain anticompetitive

---

[1] The title in UTRA's motion is incorrect since this Court has not entered yet a default judgment against UTRA. At docket 40 this Court only entered default against UTRA for failing to answer the complaint in a timely fashion. Therefore, UTRA's motion should be considered a *motion to set aside the entry of default*. This distinction is more substantive than semantic, since the proper standard of review of UTRA's motion to set aside the entry of default is governed by Fed.R.Civ.P. 55 (c).

1

conduct by co-defendants, including UTRA, in violation of Section 1 and Section 2 of the Sherman Act, 15 U.S.C. §§1-2, and other local statutes. (Dkt. No. 1).

2. **On August 6, 2014**, a copy of the Complaint and Summons were duly served upon UTRA's president, Germán Vázquez, who is the person designated by law to accept service of process on behalf of UTRA. (Dkt. No. 8 and Dkt. No. 22-1). Under Fed.R.Civ.P. 12, UTRA was afforded 21 days to serve a responsive pleading, to expire on August 27, 2014, which it never did.

3. Accordingly, on **September 8, 2014**, RST moved this Hon. Court pursuant to Fed.R.Civ.P. 55(b)(2) to enter default against UTRA. (Dkt. No. 22). RST sent a copy of the motion and exhibits in support thereof to Vázquez *via* certified mail on that same date, (*See* Exhibit 1), which he **personally received two (2) days later, to wit on September 10, 2014**. (*See* Exhibit 2).

4. **On September 17, 2014**, Vázquez, acting *pro se* and on behalf of UTRA, filed a motion to dismiss RST's motion for entry of default judgment based on insufficient service of process (Dkt. No. 23), alleging that he never received the summons addressed to UTRA. Although Vázquez had personal knowledge of the alleged insufficient service since **September 10**, he failed to state under oath what he stated in the motion, nor did he submit statements under oath from other witnesses attesting to the purported insufficiency of service of process.

5. In response to UTRA's motion to dismiss, RST filed an opposition alleging and evidencing that service of process was duly executed upon UTRA as provided by Fed.R.Civ.P. 4. In support thereof, RST submitted the properly executed "Proof of Service" form. (Dkt. No. 30 and 30-1).

6. Meanwhile, **19 days after** Vázquez had received RST's motion for entry of default

against UTRA, *i.e.* on **September 29, 2014**, he, in his individual capacity, retained legal representation. (Dkt. No. 27).

7. However, Vázquez as President of UTRA did not seek legal representation for UTRA notwithstanding that: (1) UTRA had been duly served; (2) Vázquez, as UTRA's president, had personal knowledge of the Complaint since he received a copy of it along with the summons because he was served both in his personal and representative capacity as the person designated by law to accept service of process on UTRA's behalf; and, most compelling, (3) since September 10, 2014, Vázquez had been placed on notice of RST's attempt to enter the default against UTRA.

8. **On October 13, 2014—***16 days after Vázquez retained counsel and over a month after he received RST's motion for entry of default against UTRA*— this Hon. Court granted RST's motion and entered the default against UTRA. (Dkt. No. 40).

9. Now, upon this Court's entry of default, UTRA finally decided to retain counsel, and on **October 27, 2014** filed a "Motion to Set Aside Judgment DE 40 as to UTRA." (Dkt. No. 47).

10. UTRA filed its motion to set aside the entry of default, **47 days** after knowing that RST was relying on the service of process effectuated upon UTRA to have the default entered against it.

11. In support of its motion, UTRA submitted the sworn statement of Víctor Rodríguez (the "Rodríguez's Declaration"), an alleged labor consultant for UTRA and Vázquez. In the declaration, Rodríguez attests to allegedly having seeing the process server deliver a copy of the Complaint and summons to Vázquez, but only in his personal capacity. (Dkt. No. 47-1). Evidently, with Rodríguez's Declaration UTRA seeks to create an issue of fact as to whether UTRA was properly served or not, in spite of the server's declaration that UTRA was duly

served through its President Vázquez.

12. For the following reasons, this Hon. Court should examine this new statement with suspicion and skepticism and should not give any credit to it.

    a. First, this Court should notice that Vázquez **has never offered his account of the facts under oath**, although he is, as UTRA's president, the person directly implicated in this incident and supposedly the individual with the most accurate personal knowledge a witness could ever have;

    b. Second, the motion to set aside the entry of default contains the exact same argument in which Vázquez based UTRA's motion to dismiss, which this Court has already considered and rejected, to wit that Vázquez never received the summons addressed to UTRA;

    c. Third, tellingly Vázquez failed to give this new account of the purported story when he initially opposed RST's motion for entry of default;

    d. Fourth, Rodríguez's Declaration does not explain what was Rodríguez (a labor consultant) doing at the courthouse in a criminal case, nor does it explain his participation in this service of process incident;

    e. Fifth, Rodríguez's Declaration fails to explain the basis of Rodríguez's alleged personal knowledge in attesting that[2]: (i) the first time Vázquez saw the UTRA summons was upon receiving RST's motion for entry of default; (ii) the summons Vázquez received were placed in a file since August 6, 2014; and that (iii) Vázquez received only the summons addressed to him in his personal capacity.

13. Thus, because the reasons UTRA has advanced in an attempt to explain why it failed to file an answer or any other responsive pleading are legally insufficient to defeat RST's motion

---

[2]    *See* Fed. R. Evid. 602.

4

for entry of default, this Hon. Court should deny UTRA's relief.

## II.

## LAW & ARGUMENTS

UTRA's motion should be denied because it failed to set forth "good cause" and the existence of a meritorious defense as specifically provided under Fed.R.Civ.P. 55 (c) and its interpretative case law. As the First Circuit has stated, Fed.R.Civ.P. 55 (c) provides that the good cause standard is "open-ended, but among the important familiar considerations are…the extent of the defendant's fault, prejudice to the plaintiff, whether a meritorious defense exists to the lawsuit, the stakes, and the time of the motion." *Conetta v. Nat'l Hair Care Centers, Inc.*, 236 F.3d 67, 76 (1st Cir.2001) (citation omitted). Thus,

> [a] party seeking to set aside an entry of default bears the burden of proving "good cause" pursuant to Fed.R.Civ.P. 55 (c), and the Court has discretion in deciding whether to grant the motion. *See, e.g., Am. & Foreign Ins. Ass'n v. Commercial Ins. Co.*, 575 F.2d 980, 982-983 (1st Cir.1978). Rather than a "mechanical formula," "good cause" is influenced by a number of factors that include "the nature of the defendant's explanation for the default." *Indigo Am., Inc. v. Big Impressions, LLC,* 597 F.3d 1, 3 (1st Cir.2010).

*Marmolejos v. United States*, 283 F.R.D. 63, 66 (D.P.R. 2012).

While there exist a preference for resolution of cases on the merits and "a district court should resolve doubts in favor of a party seeking relief from the entry of a default," *Leshore v. County of Worcester*, 945 F.2d 471, 472 (1st Cir.1991), here there is no doubt that exists neither "good cause" nor a "meritorious defense," particularly because UTRA failed to mention the legal standard applicable, let alone facts in support thereof.

Moreover, UTRA's arguments for setting aside the entry of default were already considered and rejected by this Court, when it denied Vázquez's motion to dismiss predicated on the same excuse: that he did not receive the summons addressed to UTRA. Vázquez has never

supported his allegations with a statement subscribed by him attesting, under the penalty of perjury, that he never received the summons addressed to UTRA, particularly when the process server has attested under oath that he —indeed— served Vázquez with two sets of summons. Further, neither UTRA nor Vázquez have ever explained why the Rodríguez Declaration (or one by Vázquez) was not submitted in conjunction with Vazquez's motion to dismiss the compliant (Dkt. No. 23), which was the first available opportunity he had *before* this Court entered default against UTRA. Undoubtedly, the moment in which this defense is presented to the Court is relevant because after the Court's entry of default the motivations and incentives to offer declarations, similar to the Rodríguez Declaration, increase exponentially. The Rodríguez Declaration is an after-the-fact, self-serving declaration that this Court should not credit. *See Rosado Marrero v. Hospital San Pablo, Inc.*, 927 F. Supp. 2d 576, 578 (D.P.R. 1996)(holding that self-serving declarations are subject to judicial skepticism); *See also Malave Torres v. Cusido*, 919 F. Supp. 2d 198, 203 (D.P.R. 2013)(holding that the timing of the affidavit is important in determining whether the testimony constitutes an attempt to manufacture an issue of fact since self-serving affidavits should be factually specific and supported by the record); *Orta Castro v. Merck, Sharp & Dohme Química P.R., Inc.*, 447 F. 3d 105, 110 (1st Cir. 2006)(holding that when the chronology shows that a statement in an affidavit could have been presented before the motion or order it seeks to oppose, the Court is justified in rejecting it)(citing with approval *Colantouni v. Alfred Calcagni & Sons*, 44 F. 3d 4, 5 (1st Cir. 1994) and *Torres v. E.I. Dupont De Nemours & Co*., 219 F.3d 13, 20 (1st Cir.2000)).

    RST has proffered evidence demonstrating that UTRA's president was properly served in both, his personal capacity and as UTRA's president. Further, Vázquez was placed on notice again about the Complaint (and summons) lodged against UTRA *via* certified mail when RST

sent him a copy of the motion for entry of default and accompanying exhibits. It was not until *after* default was entered that UTRA finally decided to seek legal assistance and attempts to justify its failure to answer the Complaint. Evidently, UTRA's actions do not constitute "good cause," let alone a meritorious defense. Accordingly, because it has failed to meet the legal standard for vacating the entry of default, this Court should deny the relief it now seeks. However, should this Court decide to credit UTRA and Vázquez's belated and untrustworthy arguments —in an attempt to avoid delaying the proceedings unnecessarily— RST will serve UTRA again through its counsel as specifically requested in its motion to set aside the entry of default. (Dkt. No. 47, ¶ 4 at 2).

WHEREFORE, RST requests that UTRA's motion to set aside the entry of default be denied.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 3rd day of November, 2014.

**CASELLAS ALCOVER & BURGOS, P.S.C.**
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel: (787) 756-1400
Fax: (787) 756-1401

_____*/s/ César T. Alcover Acosta*
CÉSAR T. ALCOVER ACOSTA
USDC-PR 204311
Email: calcover@cabprlaw.com

_____*/s/ Sarika J. Angulo Velázquez*
SARIKA J. ANGULO VELAZQUEZ,
USDC-PR 230502
Email: sangulo@cabprlaw.com