IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICO SUN TOURS, INC.,<br><br>**Plaintiff**,<br><br>v.<br><br>EDGARD CAPELES VARGAS,<br><br>**Defendant**. | **CIVIL NO.** 14-1583(JAG) |

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Before the Court is a Motion to Set Aside Entry of Default filed by Union de Transporte y Ramas Anexas, Inc ("UTRA" or "Defendant"). (Docket No. 47). For the reasons stated below, the Motion is hereby **GRANTED**.

**BACKGROUND**

On July 30, 2014, Rico Sun Tours, Inc. ("RST" or "Plaintiff") filed the present suit against several defendants, including UTRA. (Docket No. 1). On August 6, 2014, German Vazquez, a co-defendant in this suit and also UTRA's President, was duly served with a copy of the Complaint and Summons. (Docket No. 7-8).

On September 8, 2014, Plaintiff moved to enter default against UTRA claiming that it had not appeared or filed a

responsive pleading within the 21 days afforded. (Docket No. 22). On October 13, 2014, relying on the Proof of Service attached to Plaintiff's motion, (Docket No. 22; Ex. 1), this Court granted the motion and entered default against UTRA. (Docket No. 40). Upon the entry of default, UTRA's legal representative appeared and moved to set aside the entry of default on October 27, 2014 and asked the Court for time to answer the Complaint. (Docket No. 47). Plaintiff filed a timely opposition to UTRA's Motion on November 3, 2014. (Docket No. 55).

Plaintiff claims that Mr. Vazquez was served both in his individual capacity and as the person designated by law to accept service of process on behalf of UTRA. (Docket No. 55). On the other hand, Defendant argues that Mr. Vazquez was not served with a separate Summons directed to UTRA, but rather with a copy of the Complaint and Summons addressing Mr. Vazquez in his personal capacity. (Docket No. 47).

## DISCUSSION

Fed. R. Civ. P. 55(c) provides that courts may set aside an entry of default for "good cause." This standard of "good cause" has been consistently considered to be a "liberal" and "mutable" standard, varying from situation to situation[,] . . . but not so elastic as to be devoid of substance." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). While the "good cause" lacks a

precise definition, "some general guidelines are commonly applied." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citing Coon, 867 F.2d at 76)).

Among the several factors that courts have considered in determining whether to set aside an entry of default are: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010) (citations omitted). These factors, however, are neither exclusive nor dispositive. Other factors often considered are: "(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion to set aside the entry of default." Id. (citation omitted).

Moreover, whenever an entry of default has been entered without an accompanying default judgment, such as in this case, the standard is particularly generous in favor of the party seeking relief from the entry of default. See Phillips v. Weiner, 103 F.R.D. 177, 179 (D. Maine 1984)(explaining the liberality of the "good cause" standard in light of the fact that "mere entry of default" is a clerical act and "does not represent a final judgment."); see also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th

Cir. 2010). Finally, it is well established that entry of defaults are generally disfavored because they clash with the courts' preference and "philosophy that actions should ordinarily be resolved on their merits." Coon, 867 F.2d at 76.

In this case, Defendant contends that it was not properly served and provides a sworn statement to those effects. Plaintiff, on the other hand, has provided the Court with a copy of the Proof of Service suggesting that UTRA was served properly through Mr. Vazquez. Nonetheless, "a district court should resolve doubts *in favor of a party seeking relief from the entry of a default*." Leshore v. County of Worcester, 945 F.2d 471, 472 (1st Cir. 1991). Consequently, in light of the reasonable justification, UTRA has met the liberal standard of "good cause."

Furthermore, there is no evidence in the record suggesting that UTRA's default was willful or made in bad faith. In addition, Plaintiff cannot seriously argue that setting aside the entry of default would cause unfair prejudice so early in the case. See Coon, 867 F.2d at 76 (citation omitted) ("Early in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar."). Finally, Defendant acted promptly to correct the default by retaining counsel and filing the present motion on

October 27, 2014. <u>See, e.g.</u>, <u>Compania Interamericana</u>, 88 F.3d at 951-952 (considering the party's response to correct its default as one of the factors to be considered under Fed. R. Civ. P. 55(c)).

In conclusion, the Court finds that, in light of the circumstances of this case, the entry of default is too harsh and shall accordingly set it aside. This decision is consistent with the stated and well established preference of resolving disputes on their merits and the commonly held view that defaulting a party is a drastic sanction reserved for rare occasions. <u>See</u> <u>Stewart v. Astrue</u>, 552 F.3d 26, 28 (1st Cir. 2009).

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Set Aside the Entry of Default, (Docket No. 47). Defendant shall file an Answer to the Complaint by Monday, November 24, 2014.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of November, 2014.


                                               <u>S/ Jay A. Garcia-Gregory</u>
                                               JAY A. GARCIA-GREGORY
                                               United States District Judge